USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 9/30/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BULGARI, S.p.A., Plaintiff, | | |
| -v- | | 1:26-cv6932-GHW |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" Defendant. | | ORDER |

GREGORY H. WOODS, United States District Judge:

On August 13, 2026, Plaintiff filed this action. Dkt. No. 1. Plaintiff requested that the Court grant it leave to file under seal identified exhibits to the complaint, as well as the exhibits to affidavits that had not yet been submitted but were anticipated in connection with an upcoming request for the issuance of an order to show cause. Dkt. No. 6 ("Seal Mot."). On August 21, 2026, Plaintiff filed a proposed order to show cause. Dkt. No. 12 (the "Proposed Order"). In support of the Proposed Order, Plaintiff filed a memorandum of law, Dkt. No. 14, and two affidavits, Dkt. Nos. 14; 15.

Despite the clear instructions on the docket of this case directing that Plaintiff's counsel review the Court's Individual Rules of Practice, Plaintiff failed to comply with those rules when it applied for the Proposed Order. In particular, Plaintiff failed to comply with Rule 1(F) of the Court's Individual Rules of Practice. That rule reads in full as follows:

> **Orders to Show Cause**. Any order to show cause must be presented to the Court in a manner consistent with paragraphs 3 through 8 of Attachment A to these rules. Although the ECF filing system permits the filing of a proposed order to show cause without specific prior notification to the Court, the Court will not act with respect to a proposed order to show cause unless its proponent complies fully with this rule.

Rule 1(F). Plaintiff failed to comply with this rule by neglecting to notify the Court of the proposed order and by failing to bring copies of the materials to Chambers. As a result, the Court has taken no action on the application to date.

The Court declines to enter the Proposed Order for several additional reasons. Principally, that is because Plaintiff requests that the Court authorize service on Defendant by service "to an email address for Defendant." Proposed Order at 7. However, the application provides no information regarding that method of delivery that would allow the Court to conclude that the proposed method of notice will be effective. Neither declaration submitted in support of the Proposed Order identifies the email address. Neither explains why the Court can conclude that service at an unidentified email address will get to Defendant. In the absence of any factual or legal support for the conclusion that service at a particular, specified email address will provide notice to Defendant, the Court declines to enter the proposed order. The Court cannot conclude on this record that notice in the manner described in the Proposed Order will be effective to provide notice to Defendant.

To the extent that Plaintiff seeks to renew its application for issuance of the Proposed Order, the Court makes the following observations regarding it. First, the Proposed Order contains an expansive definition of "Unauthorized Products" that the Court believes to be insufficiently precise to be enforceable. Proposed Order ¶ 1. Rather than identifying a specific allegedly infringing product that it asks the Court to protect, the Proposed Order defines "Unauthorized Products" as any product that infringe upon any of Plaintiff's "trademark rights."[1] The Court is concerned that such a sweeping definition is too broad to be enforceable.

---

[11] The order then refers to ", specifically Plaintiff's rights and interest in" a specific mark. But the scope of the definition is not limited to that mark alone. Even if the language of the Proposed Order was limited in that way, the Court is concerned that the request would remain overbroad and insufficiently specific because it would cover unknown other products sold by Defendant.

Second, the scope of the injunctive relief proposed in the Proposed Order appears to be overbroad and insufficiently precise to be enforceable. For example, the Proposed Order asks the Court to enjoin Defendant from "committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the . . . supervision of Plaintiff." *Id.* ¶ 1(c). The proposed injunction is not limited to the sale of a particular product. Instead, it covers *any* product of any type sold by Plaintiff: it is not limited to the trademark identified in the order. The Court is concerned that the sweep of the proposed injunction is overbroad, and that it is so imprecise as to be unenforceable.

Third, the Proposed Order does not comply with Fed. R. Civ. P. 65(d)(1). That rule states the following:

> (1) *Contents.* Every order granting an injunction and every restraining order must:
> (A) state the reasons why it issued;
> (B) state its terms specifically; and
> (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.

Fed. R. Civ. P. 65(d)(1). In addition to the issues with the specificity of the Proposed Order identified above, the Proposed Order does not comply with Fed. R. Civ. P. 65(d)(1)(C). That is because the Proposed Order incorporates by reference parts of the complaint. Proposed Order ¶ 2(a). That violates Rule 65(d)(1)(C). The violation is particularly problematic here given that the document that Plaintiff asks the Court to incorporate by reference is the same document that it asks the Court to permit it to file under seal. Plaintiff cannot ask the Court to direct a third party to act in a manner consistent with a document that the third party cannot see. The Proposed Order also contains defined terms that are defined without reference in it.

The Court emphasizes that the issues with the Proposed Order enumerated here are not exhaustive. To the extent that Plaintiff renews its application for the issuance of an order to show cause, it must do so in full compliance with the Court's Individual Rules of Practice. Plaintiff must

also provide adequate factual and legal support for the Court to be able to conclude that the notice method proposed will in fact reach the Defendant. Plaintiff may also wish to consider the concerns articulated above regarding the form of Proposed Order submitted to the Court.

The Court grants the motion to seal provisionally for the reasons stated in the motion to seal. *See generally* Seal Mot. The exhibits to the complaint are subject to the First Amendment presumption of public access. Still, they are properly sealed here to avoid the harms outlined in Plaintiff's motion. The sealing requested is targeted and is limited in time. The exhibits to the affidavits are subject to the common law presumption of public access to judicial documents. For the reasons articulated in the motion to seal, Plaintiffs have shown that the interest of public in the documents is outweighed by the harms outlined in Plaintiff's motion. This decision permits only the provisional sealing of these documents; the Court expects that the documents will be unsealed shortly after the Court has acted on any application for provisional relief.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 6.

SO ORDERED.

Dated: September 30, 2026
New York, New York

GREGORY H. WOODS
United States District Judge